## ORPHANS' COURT OF BALTIMORE CITY.

Filed January 3, 1895.

EUGENIA H. CROOK AND MARY R. BROWN, ET AL.,
VS.
FRANCIS M. CROOK AND VICTOR V. CROOK, ET AL.

*William Colton* and *Thomas R. Clendinen* for caveators.

*Geo. R. Willis* and *Joseph P. Merryman* for caveatees.

GANS and EDWARDS, JJ.—

The question in this case is: Have the petitioners (the said Eugenia Helena Crook and Mary Rose Brown), the legal right to caveat the will of William Thompson?

The facts are fully set out in the petition and answer, and need not be spread on this paper.

On a former occasion, the Court, after carefully investigating the matter, has decided that these petitioners had established such a relationship to the deceased (William Thompson) as to entitle them, so far as this relationship is concerned, to caveat his will.

The question which now immediately concerns the Court, and which it is called upon to decide, has regard to the meaning and constitutionality of the recent statute, enacted and passed April 6, 1894, limiting the right to caveat wills. Chap. 405.

This Act reads as follows: "No will, testament, codicil or other testamentary paper shall be subject to caveat or other objection to its validity, after the expiration of three years from its probate."

Have the petitioners the right, under this Act, to caveat said will?

After hearing the exhaustive arguments on both sides as to its form, sense and operation, and after examining the numerous authorities which were cited in relation to it, the Court is of the opinion that the statute is clearly both retrospective and prospective, and limits the right to caveat a will to three years, both ways, from the date of its probate, and denies absolutely the right to do this at any point beyond this limitation. We think, after closely studying its form, that the *intent* of the legislature that the statute should have this sense and operation, is plainly enstamped upon the face of the act itself.

We are also of the opinion, so far as we are able to form one upon this subject, that the retroactive feature of the statute, is not repugnant to the spirit or wording of the Constitution, it having reference to the right to remedies in relation to wills which hitherto has manifestly extended to an extravagant and dangerous degree, making the settlement of all estates passing by wills uncertain and precarious to the most distant point of time.

This being the law now in relation to the right of caveating "a will, testament, codicil or other testamentary paper," it is clear that the caveat in the case of the will under consideration, which was admitted to probate upwards of twenty-one years ago, cannot, under this statute, be allowed; and this being so, it is not necessary for us to go any farther and decide the several other points, such as the want of jurisdiction of the Court, the absence of proper parties, the question of laches, etc., which have been raised and discussed by the respondents. The statute limiting the right to three years after the probate, retrospectively and prospectively from its date, itself denies the right to caveat in this case without the extrinsic aid of the other collateral points, to which reference is here made.

This being the opinion of the Court, our order, this 22nd day of March, is that the prayer of the petitioners cannot be granted, and that their petition be, and hereby is, dismissed with costs.

## OPINION OF JUDGE GEORGE W. LINDSAY.

IN THE MATTER OF THE ESTATE OF WILLIAM THOMPSON.

In filing this separate opinion it is from the fact that there were two important points raised by the pleadings

which have been fully discussed, one of which bearing on the Acts of 1894 which the plaintiffs claim have no bearing on the case.

The other that of laches the will of deceased being probated in the year 1873.

I fully agree with my colleagues in their opinion of the Acts of 1894.

I think that the Court should also have passed upon the other point that of laches, and therefore desire to express my views upon that point, by simply saying that it appears to me to be impossible to be as intimate with the widow, and other relatives of the deceased for the past twenty odd years as the plaintiffs say in their testimony they have been; that they have never heard that the deceased had left an estate or a will during all of this time.

In my views they have been guilty of laches and should not have the relief prayed for.